NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 17, 2007[*]
Decided October 29, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-4092

| | |
|---|---|
| ABDUL REHMAN,<br>    *Petitioner*,<br><br>    *v.*<br><br>PETER D. KEISLER, Acting<br>Attorney General of the United<br>States,<br>    *Respondent*. | Petition for Review of an Order of the<br>Board of Immigration Appeals<br><br>No. A95-925-184 |

**O R D E R**

Abdul Rehman, a Pakistani, arrived in November 2000 and overstayed his tourist visa, though his employer had asked state and federal labor agencies to approve a labor certification. While he waited for approval, in 2003 the federal government initiated removal proceedings against him. The IJ initially granted Rehman's request to continue the hearing pending the labor certification, but on hearing that the labor agencies had not yet approved it, the IJ denied further continuances on that basis. But he continued the hearing over the next two years

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

for another reason: to allow Rehman to pursue a withholding of removal based on his claim of persecution. The IJ ultimately denied withholding and, having never received an approved labor certification, ordered Rehman removed. Rehman challenges both the denial of withholding of removal and the denial of a continuance to await a labor certification. We deny his petition as it relates to the denial of withholding of removal; we lack jurisdiction to review the denial of his motion to continue and therefore dismiss that portion of his petition.

We begin first with the denial of withholding of removal. Rehman claimed at his removal hearing that he had been persecuted on the basis of his political opinion when he had lived in Pakistan and was afraid to return there. In particular he testified that he had lived in Hyderabad and "was friendly with" (but not a member of) the People's Pakistan Party (PPP). Rehman said a different political party, the Mohajir Quami Movement (MQM) "came to power" in 1995, and its members appeared at his grocery store demanding money and threatening to set fire to the store if he did not pay. He paid them until he could no longer afford it; they then set fire to his store. He reopened a year later in a new location, but the MQM again threatened him and all nearby shop owners, whose political affiliation Rehman did not specify, unless they contributed money to MQM. People holding MQM banners again torched Rehman's store in September 2000. After that, Rehman left his village and made his way to the United States.

The IJ denied Rehman's request for withholding of removal for several reasons, only one of which we need discuss. The IJ found that Rehman had not shown past persecution on the basis of one of the five enumerated grounds; after all, reasoned the IJ, Rehman admitted that his store was burned for his failure to pay donations rather than some political reason. The IJ also concluded that Rehman had not shown that it was more likely than not that he would be persecuted if returned to Pakistan.

On appeal Rehman argues that he submitted "credible evidence" that the MQM "constantly and relentlessly intimidated" him in their demands for money, and he says that the IJ therefore erred in denying him a withholding of removal. When the BIA summarily affirms without opinion, as happened here, we review the IJ's decision. *See Bejko v. Gonzales*, 468 F.3d 482, 484 (7th Cir. 2006). We review a denial of withholding of removal under the substantial evidence standard, under which Rehman must show that the evidence compels a conclusion contrary to the IJ's. *See Kaharudin v. Gonzales*, No. 06-3576, 2007 WL 2457932, at *3 (7th Cir. Aug. 31, 2007). To merit withholding, Rehman needed to establish that it is more likely than not that his life or freedom will be threatened "because of" one of the five statutorily enumerated grounds which, as relevant here, include the alien's political opinion. *BinRashed v. Gonzales*, No. 06-2939, 2007 WL 2685148, at *4 (7th Cir. Sept. 14, 2007); 8 U.S.C. § 1231(b)(3)(A). Rehman could have done so by showing

that he suffered persecution in the past (which would give him the benefit of a presumption of future persecution) or by providing evidence showing a clear probability that he would suffer future persecution if removed. *BinRashed*, 2007 WL 2685148, at *5.

Rehman argues the MQM intimidated him by demanding money, but that is not sufficient to establish persecution. He was required to show that any persecution by the MQM was because of his political opinion, rather than another motive. *Id.* at *4; *Jun Ying Wang v. Gonzales*, 445 F.3d 993, 996 (7th Cir. 2006). The facts here did not compel the IJ to conclude that the MQM targeted Rehman because of his political opinion. Although Rehman began his hearing by asserting that the MQM demanded money of him because he was friendly with the PPP, he later testified that the MQM indiscriminately threatened all nearby shop owners, apparently regardless of political affiliation. He also explained that they burned his store because of his failure to cooperate and pay them as they demanded. But an alien's refusal to cooperate with a political party does not, without more, compel a conclusion of political persecution. *Tapiero de Orejuela v. Gonzales*, 423 F.3d 666, 673-74 (7th Cir. 2005). Rehman did not show more than a failure to cooperate with the MQM, and the record therefore does not compel a conclusion that the MQM demanded money from Rehman or burned his store because of his political opinion or affiliation. For similar reasons the record also does not compel a finding that Rehman would be subjected to future persecution on the basis of a forbidden ground if returned to Pakistan. We therefore deny his petition as it relates to the denial of withholding of removal.

Rehman also asks us to review the IJ's denial of a continuance. Just before the LIFE Act, 8 U.S.C. § 1255(i), "sunseted" on April 30, 2001, Rehman's employer filed on his behalf a labor certification. If approved, the certification would have allowed Rehman to pursue an adjustment of status to legal permanent resident. *See Subhan v. Ashcroft*, 383 F.3d 591, 593 (7th Cir. 2004); 8 C.F.R. § 245.10(a)(1)(i)(B). For two years Rehman awaited an approval of his labor certification, and once removal proceedings began he sought continuances to buy more time, because he intended to try to adjust his status to legal permanent resident after it was approved. The IJ denied the requests, noting that even if Rehman's labor certification were promptly approved, a visa number would not be immediately available to him. Thus, reasoned the IJ, Rehman was unable to establish that he would be able to adjust his status.

Though Rehman urges us to review the IJ's denial of his motion to continue, we lack jurisdiction to review such denials. *See Tariq v. Keisler*, No. 06-2518, 2007 WL 2915714, at *6 (7th Cir. Oct. 9, 2007); *Ali v. Gonzales*, Nos. 06-3240 & 06-3879, 2007 WL 2684825, at *1-3 (7th Cir. Sept. 14, 2007). We therefore dismiss his petition as it relates to that decision.

Accordingly, Rehman's petition for review is DENIED in part and DISMISSED in part.